UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDGAR R GARCIA,

                Plaintiff,

    v.

PATRICK GLEBE,

                Defendant.

CASE NO. 3:14-CV-05990-RBL-JRC

ORDER DENYING MOTION TO SUPPLEMENT THE RECORD AND GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is plaintiff's motion to supplement the record (Dkt. 17). Plaintiff seeks to supplement his allegations against defendant and add exhibits to the record. *Id.* Defendant filed a response (Dkt. 18) and plaintiff filed a reply (Dkt. 19). Also pending is defendant's motion to dismiss (Dkt. 11), which the Court will address in a separately filed Report and Recommendation.

ORDER - 1

Under Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

Defendant filed a motion to dismiss -- a responsive pleading -- on February 27, 2015. Dkt. 11. Plaintiff filed his motion to supplement the record on June 18, 2015, which was more than 21 days after the motion to dismiss was filed. *See* Dkt. 17. As plaintiff is unable to amend his complaint as a matter of course under Rule 15(a)(1) and does not have defendant's consent to amend, he must have leave of the court to amend his complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc..* 170 F.3d 877, 880 (9th Cir. 1999)). Further, the Ninth Circuit "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that [the deficiencies] cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

Plaintiff filed his motion to supplement the record attempting to cure the deficiencies in his original complaint, which were raised in defendant's pending motion to dismiss. *See* Dkts. 11, 17. Allowing plaintiff to amend his complaint will not result in undue delay. The Court must also provide plaintiff with the opportunity to amend his complaint, as plaintiff, a *pro se* litigant, appears to be able to cure the deficiencies of his complaint. Accordingly, the Court finds that justice requires that plaintiff be allowed to amend his complaint.

In addition, plaintiff is advised that the amended complaint will operate as a complete substitute for (rather than a mere supplement to) the original complaint (Dkt. 7).  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Reference to a prior pleading or another document is unacceptable – once plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, plaintiff's request to "supplement" his amended complaint is denied.  Plaintiff must file a new and complete complaint – which he should title "First Amended Complaint."  All claims and the involvement of every defendant should be included in the first amended complaint; otherwise, the claims will no longer be the subject of the action.

Plaintiff's motion to supplement the record (Dkt. 17) is denied.  Plaintiff may file an amended complaint on or before August 21, 2015.  If plaintiff fails to submit a complete amended complaint by that date, this action will proceed on the original complaint (Dkt. 7).

Dated this 20th day of July, 2015.

_____
J. Richard Creatura
United States Magistrate Judge