UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR R. GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK R. GLEBE,<br><br>        Defendant. | CASE NO. 14-cv-5990-RBL-JRC<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS<br><br>NOTED: OCTOBER 7, 2016 |

    This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's motion to voluntarily dismiss. Dkt. 33.

    Because plaintiff's attorney has been suspended, the Court recommends that plaintiff's motion to voluntarily dismiss this matter be granted without prejudice and without conditions. Defendant's motion for summary judgment, therefore, becomes moot and should be denied as moot.

**BACKGROUND**

Plaintiff filed his proposed complaint on December 18, 2014. Dkt. 1; *see also* Dkt. 7. On February 27, 2015, defendant filed a motion to dismiss. Dkt. 11. On July 20, 2015, this Court granted plaintiff's motion to supplement the record, and granted leave to file a first amended complaint. Dkt. 20. After receiving an extension, plaintiff filed his amended complaint on September 21, 2015. Dkt. 26; *see also* Dkt. 23, 25. On May 20, 2016, defendant filed a motion for summary judgment. Dkt. 29.

On June 16, 2016, plaintiff, through his wife, filed a motion for extension in order to find a new attorney, noting that his attorney had been suspended. Dkt. 30. Defendant, in his response to the motion for extension, noted that counsel for defendant had "received an email from plaintiff's former attorney, Hester Mallonee, informing him that Ms. Mallonee is currently suspended from the practice of law and will not be representing the plaintiff with regard to the State's pending motion for summary judgment." Dkt. 31. Defendant indicated that he did not object to a 45-day extension for plaintiff to file his response to the motion for summary judgment. *See id*. On July 7, 2016, this Court granted plaintiff an extension and directed plaintiff to take appropriate action, such as seeking an order of substitution of counsel, or filing a motion to proceed on his own behalf. Dkt. 32 (citing Local Rules W.D. Wash. 83.2(b)(4) and (5)). The Court noted that if plaintiff did not file a *pro se* appearance himself or have another attorney file an appearance on his behalf, or did not respond in writing to the Order on or before August 1, 2016, "this case may be dismissed without prejudice and without further notice." *Id.* at p. 3.

On July 27, 2016, plaintiff filed a motion for "voluntary dismissal pursuant to Rule 41 (a)(2)." Dkt. 33. Plaintiff indicates that he moves for voluntary dismissal of his case "due to lack of meaningful representation and lack of knowledge with legal procedure." *Id*. Defendant has

filed a response, requesting that the Court dismiss the action "with prejudice or, in the alternative, without prejudice and conditioned on plaintiff's payments of defendant's costs." Dkt. 34.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). But, once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1) and (2).

## DISCUSSION

Here, plaintiff requested dismissal after defendant filed an answer and a summary judgment motion. *See* Dkts. 27, 29, 33. Therefore, plaintiff's Motion to Dismiss may only be granted "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

As noted by defendant, the "purpose of [Fed. R. Civ. P.] Rule 41 (a)(2) is to allow the Court, in its discretion, to dismiss an action without prejudice even after defendants have filed responsive pleadings." *Id*. (citing *Hamilton v. Firestone Tire & River Co*., 679 F.2d 143, 146 (9th Cir. 1982)). Defendant notes that he has incurred costs briefing two dispositive motions and contends that dismissal with prejudice at this juncture would be appropriate given these expenses incurred by defendant. In the alternative, defendant requests that the court dismiss the action without prejudice conditioned on plaintiff's payment of defendant's costs. *Id.* at pp. 2-3.

When confronted with this issue, district courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). The Ninth Circuit has defined "legal prejudice" as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Defendant admits that "the expense incurred in defending against plaintiff's lawsuit does not, alone, amount to *legal* prejudice . . . ." *Id.* at p. 2 (citing Fed. R. Civ. P. 41(a)(2); *Hamilton*, 679 F.2d at 146) (quoting *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2 46, 51 (1st Cir. 1981)). Defendant does not contend that there is any other type of prejudice that he will suffer if the Court grants plaintiff's motion to voluntarily dismiss without prejudice. Therefore, because defendant cannot show that he will suffer some plain legal prejudice, the Court "should grant [the] motion for voluntary dismissal under Rule 41(a)(2) . . . ." *Smith*, 263 F.3d at 975 (citations omitted).

In addition, although defendant has incurred some costs to prepare dispositive motions, including a motion for summary judgment, defendant does not enumerate any other costs that he has incurred related to preparation for trial. The Court finds that the expenses incurred preparing two dispositive motions does not warrant denial of plaintiff's motion to dismiss without prejudice. As stated by the Ninth Circuit, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Wetlands Water Dist.*, 100 F.3d at 97 (citing *Hamilton*, 679 F.2d at 146). Regarding other potentially relevant factors, there has not been excessive delay or lack of diligence on the part of plaintiff, and there is an adequate explanation of the need to take a dismissal. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996) (discussing these factors as the relevant factors when determining whether or not to grant a

motion for voluntary dismissal) (citations omitted). Through no fault of plaintiff, plaintiff's attorney has been suspended. This is a factor outside of plaintiff's control.

For the reasons stated, the Court concludes that the relevant factors overall weigh in favor of plaintiff and that defendant will not suffer legal prejudice by the granting of plaintiff's motion for voluntary dismissal without prejudice. Therefore, the Court recommends that plaintiff's motion be granted without prejudice and without any conditions regarding payment of costs.

## CONCLUSION

In sum, the Court finds the relevant factors, considered collectively, do not indicate that defendant will suffer legal prejudice, and defendant admits that he will not suffer legal prejudice, if this matter is voluntarily dismissed without prejudice. In addition, the Court does not find that any terms or conditions should be imposed at this time.

The Court recommends that plaintiff's motion for voluntary dismissal be granted without prejudice and without costs. Dkt. 33. Therefore, the Court also recommends that defendant's pending motion for summary judgment (Dkt. 29) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 7, 2016, as noted in the caption.

Dated this 14th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge